**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **BRANDON BARTLETTE, KEITH SIMPSON, CHRIS FORD and CEDRIC ROBINSON,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; WARDEN JOSEPH MCFADDEN, individually and/or in her official capacity as warden of Lieber Correctional Institution; CORRECTIONAL OFFICER DENNIS, individually and/or in his official capacity as an employee of SCDC; CORRECTIONAL OFFICER KELLY, individually and/or in his official capacity as an employee of SCDC; and CORRECTIONAL OFFICER MCKIE, individually and/or in his official capacity as an employee of SCDC,**<br><br>**Defendants.** | C/A No.: 2:17-cv-3031-RMG-MGB |

**PLAINTIFFS NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS AND MOTION FOR AMENDMENT OF THE SCHEDULING ORDER**

NOW COMES, Plaintiffs Brandon Bartlette, Keith Simpson, Chris Ford and Cedric Robinson, by and through the undersigned counsel who respectfully submit this Motion to Compel and Motion for Amendment to the Scheduling Order against Defendants South Carolina Department of Corrections, Warden Joseph McFadden, Correctional Officer Dennis, Correctional Officer Kelly and Correctional Officer McKie. The reason for this request is due to the fact that the Fourth Amended Scheduling Order provides that Discovery is due **May 6, 2019** and this deadline cannot be diligently met despite Plaintiffs attempts.

1

## **LEGAL STANDARD**

Parties to civil litigation have broad discovery rights. They may obtain discovery regarding "any non-privileged matter that is relevant to any party's claim or defense," including any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Courts are to construe broadly rules enabling discovery. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Murray Sheet Metal Co., 967 F.2d 980, 983 (4th Cir. 1992) ("National Union") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). Conversely, limitations on discovery are to be construed narrowly. See, e.g., Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998) ("[T]he attorney–client privilege is to be narrowly construed . . . ."); RLI Ins. Co. v. Conseco, Inc., 477 F. Supp. 2d 741, 748 (D. Md. 2007) ("[A]ssertions of evidentiary privilege are narrowly and strictly construed . . . ." (citing Trammel v. United States, 445 U.S. 40, 50–51 (1980))). Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests are implicit in the broad purpose and language of Rule 26(c)).

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified "for good cause and with the judges consent." Fed. R. Civ. P. 16 (b)(4). The "good cause" standard for securing an amendment of the time-limits in a scheduling order does not require a litigant to go so far as to show "manifest injustice" or "substantial hardship." See Fed. R. Civ. P. 26 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b). Instead, "the touchstone of 'good cause' under Rule 16(b) is diligence." See Fed. R. Civ. P. 16(b), advisory committee note, 1983 Amendment (The court may modify the schedule on a

showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension).

## ATTEMPTS TO OBTAIN DATES FOR DEPOSITIONS

The Plaintiffs in the above-referenced case requested deposition dates for various SCDC witnesses back on October 4, 2018. (See attached Exhibit 1). On or about October 10, 2018 Counsel for both parties discussed, via telephone, the scheduling of these depositions. At this time, Counsel for the Plaintiffs was informed that the Defendants were working on dates. After several attempts both parties decided to hold February 19th -22nd for depositions in this case as well as another matter due to Counsel for the Defendant undergoing a major knee surgery in December-January. (See attached Exhibit 2,3,4).Therefore, counsel for the Plaintiff purposely did not press for depositions during this time period.

On February 15, 2019 the Plaintiffs received a letter from the Defendants stating that they would be unable to conduct all requested depositions for both cases during the timeframe we were holding. (See attached Exhibit 5). At this time, the Plaintiffs agreed to push the depositions in this matter to March since we had until May for discovery. This would allow the Plaintiff to send out additional discovery following the depositions. Thus on February 27, 2019 the Plaintiffs sent deposition notices for the following individuals: Major Clark (security), Contraband Officer, Inmate Grievance Coordinator, STG Coordinator, and Warden McFadden. (See attached Exhibit 6). Additionally, when the Plaintiffs requested theses depositions it was specifically noted that if there was more than one Inmate Grievance Coordinator on staff during the timeframe, the Plaintiff's request all individuals be available. (See attached Exhibit 7).

On March 14, 2019, the Plaintiffs received an email from Counsel for the Defendants stating that there was not a STG Coordinator at Lieber Correctional but that he would look into this matter further to help schedule. (See attached Exhibit 7). At this time the Plaintiffs were also informed that the Contraband Officer was no longer employed by SCDC and the Defendants have been unable to locate him. (See attached Exhibit 7). Immediately, following this email the Plaintiffs asked for the name and last known contact information of the contraband officer so that they could attempt to locate him and get him served for his deposition. (See attached Exhibit 7). This information has never been provided to the Plaintiffs.

On March 21, 2019, the depositions of Warden McFadden, Major Clark (Security) and Betty Thomas (IGC) were completed. During Ms. Thomas' deposition, the Plaintiffs learned that she was not the only IGC on staff at this time. The Plaintiffs again advised that we would therefore need to depose the second IGC, as was originally requested back in February.

On March 27, 2019, Counsel for the Plaintiffs reached out to Counsel for the Defendants office for an update on the outstanding depositions (STG, 2nd IGC, Contraband Officer). That same day, Counsel for the Defendants responded that they had been in contact with the Contraband Officer and they would provide dates soon and that they were attempting to make contact regarding the STG officer. (See attached Exhibit 7). The Plaintiff did not receive dates for these depositions, so on April 2, 2019 Plaintiff served the attached letter and Notice of Depositions. (See attached Exhibit 8). In short, Plaintiffs letter stated:

> "Plaintiffs have properly requested and still have not received dates for the second Inmate Grievance Coordinator, the STG Coordinator and the Contraband Officer. Further, since the discovery deadline is approximately a month away, I wanted to ensure these depositions were properly re-noticed within that deadline. Since we have yet heard back from your office regarding a date, we have chosen April 17, 2019 for these depositions. If you have a conflict with this date please file your

4

>Motion for Protective Order because I cannot agree to cancel these depositions without an extension to the scheduling order."

(See attached Exhibit 9).

After several emails requesting a meet and confer regarding the discovery of this case, on April 11, 2019 Counsel for both parties had a meet and confer regarding all outstanding discovery and the depositions. However it was not until Thursday April 11th, less than one week before the depositions were scheduled to take place, that the Plaintiffs received a letter from Counsel for the Defendants stating he is not available for the depositions and would provide dates as soon as possible. (See Exhibit 10). At the meet and confer, there were also four sets of deficient discovery discussed.[1] (See Exhibit 11). The Plaintiffs again trying to work this out without Court involvement, allowed the Defendants an additional (15) fifteen days from April 11th to supplement Plaintiff's Second Set of Requests for Production, Second Set of Interrogatories, Third Set of Requests for Production, and Fourth Set of Requests for Production. In the event no supplemental production is received the Plaintiff's will proceed with another motion to compel. (See Exhibit 11). Plaintiffs make the Court aware of this information to show they have been diligent during the discovery phase and Plaintiff's Motion to Compel the Depositions and to Amend the Scheduling Order should be granted.

The proper procedure when a deposition cannot be completed is to file a Motion or Protective Order, as which was previously stated in Plaintiff's letters. The Defendants have not filed a Motion for a protective order for any of the noticed depositions that were

---

[1] Plaintiff's Second Set of Requests for Production, Second Set of Interrogatories, Third Set of Requests for Production, and Fourth Set of Requests for Production are still deficient. Plaintiff has sent approximately five letters to the Defendants regarding Deficiencies in the discovery. (See attached Exhibit 12).

5

scheduled. To date, the Plaintiffs have also not withdrawn their notices. Now, due to the actions of the Defendants the Plaintiffs are left with little time in the discovery period to complete properly noticed depositions that were requested months ago with no additional time to send written discovery after the depositions, to which all is from no fault of their own. The Plaintiffs therefore must file this Motion to Compel Depositions and Extension of Time for Discovery.

The discovery abuses by SCDC in this case are extraordinary, but nevertheless have an underlying purpose. As detailed above, the abuses show that SCDC is purposefully using the deny, delay, defend tactic to avoid scrutiny of its actions. This tactic is even more prejudicial when scheduling orders move cases along and leave the party who needs the information at a severe disadvantage. The reality is that SCDC is making every attempt to shield the Courts from protecting the civil rights of South Carolina inmates, including the Plaintiffs. The Plaintiffs in this case need the Federal Court to scrutinize the actions of SCDC and should not allow them to disrupt discovery this way.

The current discovery deadline in this case cannot be met despite the Plaintiff's continued diligence. For these reasons stated above the Plaintiff requests that the discovery deadline in this case be extended by three (3) additional months for all outstanding items. Additionally, counsel for the Plaintiff seeks an Order compelling the Defendants to produce the requested deponents and appear at the depositions within (20) days. In addition shall Plaintiffs request to extend the scheduling order be denied the Plaintiffs still request to have the depositions taken with time to send out additional discovery after information is learned from each of these critical depositions.

As shown above, the Plaintiffs have been diligent in trying to proceed with discovery and thus good cause is shown for an extension of the scheduling order. Overall the Plaintiffs proposed Scheduling Order will not significantly delay this case, but rather will help ensure that this Court will have before it an appropriately complete factual record on which to decide the material issues in this case. Plaintiff's proposed Scheduling Order extends the discovery deadline in this case by (3) three months, would should provide ample time to complete these depositions and send any follow up discovery necessary. (See Plaintiffs Proposed Scheduling Order, attached hereto as Exhibit 13). Additionally, equity favors the granting of this motion because it helps guard against the miscarriage of justice by protecting the integrity of the truth-seeking process by aiding the Court in discerning the gravity of the malfeasance committed by Defendants. It will also not cause prejudice against any party.

It is this firm standard practice to be accommodating during the course of discovery and to be mindful of others busy schedules, however as shown above the Plaintiffs have been more than accommodating in this case and have no choice but to file this motion for relief. The Defendants are attempting to intentionally disrupt the discovery process and therefore the Plaintiffs also moves for all costs and fees associated with this Motion.

## **CONCLUSION**

For the reasons stated above the Plaintiffs respectfully requests this Court grant Plaintiff's Motion to Compel Depositions and Motion to Amend the Scheduling Order.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully Submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (FED ID #1280)
Gabrielle A. Sulpizio (FED ID # 12715)
BELL LEGAL GROUP
219 N. Ridge Street
Georgetown, SC 29440
TEL: (843) 546-2408
FAX: (843) 546-9604
ebell@edbelllaw.com

**ATTORNEYS FOR PLAINTIFF**

April 18, 2019
Georgetown, South Carolina

8