IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brandon Bartlett, Harvey McDaniel, Keith Simpson, Chris Ford, and Cedric Robinson, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>South Carolina Department of Corrections; )<br>Warden Joseph McFadden, individually )<br>and/or in his official capacity as Warden of )<br>Lieber Correctional Institution; Correctional )<br>Officer Dennis, individually and/or in his )<br>official capacity as an employee of SCDC; )<br>Correctional Officer Kelly, individually )<br>and/or in his official capacity as an )<br>employee of SCDC; Correctional Officer )<br>McKie, individually and/or in his official )<br>capacity as an employee of SCDC ; )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2:17-03031-RMG-MGB<br><br><br><br>**ORDER** |

This action has been filed by Plaintiffs pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq*. (Dkt. No. 1-1.) This civil action arises from alleged inmate stabbings or attacks occurring at Lieber Correctional Institution. On June 5, 2019, the Court held a hearing to resolve various discovery issues.[1]

At the hearing, Plaintiffs' counsel raised the issue of deposing Mr. Roth, an individual who drafted the "Roth Report" for the Mental Health Settlement. Plaintiffs indicated that they had obtained a redacted version of the Roth Report because it was produced in other litigation. They asked that the Court compel Defendants: (1) to produce the unredacted Roth Report and (2) to disclose Mr. Roth's home address so that Plaintiffs' counsel could serve him with a notice of his

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this matter has been assigned to the undersigned for all pretrial proceedings.

deposition. Following the hearing, the Court issued an Order directing Defendants to provide the Court with an unredacted copy of the Roth Report. The Court also later directed Plaintiffs' counsel to submit the redacted version of the Roth Report in their possession so that the Court could compare the two documents.

The Court has since reviewed both the redacted and unredacted versions of the Roth Report and finds the entire Roth Report should be produced to Plaintiffs' counsel, in unredacted form. The Roth Report is relevant to the issues in this case—it addresses the understaffing issues faced by the South Carolina Department of Corrections. The Roth Report is only tangentially related to the Mental Health Settlement. Further, there is no basis to find that the Roth Report is subject to confidentiality in relation to the Mental Health Settlement, as asserted by defense counsel at the hearing. The Court has reviewed the Mental Health Settlement Agreement that was produced *in camera* by Defendants. The Mental Health Settlement provides that four categories of information are subject to confidentiality: (1) certain SCDC policies; (2) reports or information related to inmate suicide; (3) personally identifiable health information; and (4) certain SCDC compliance evaluation reports created in advance of facility inspections. Upon review, the Roth Report does not contain information that falls within those three categories.

In sum, the Court orders Defendants to produce to Plaintiffs' Counsel the entire unredacted Roth Report by Monday June 10, 2019. The Roth Report is considered subject to the Confidentiality Order (Dkt. No. 16) already in place and is for attorneys' eyes only. In addition, the Court finds that, given that Mr. Roth could be a fact witness in this case, Defendants must disclose to Plaintiffs' counsel Mr. Roth's home address so that he may be served a notice of his deposition. Defendants are directed to disclose this information by Monday, June 10, 2019. This information is also for attorneys' eyes only.

IT IS SO ORDERED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 7, 2019
Charleston, South Carolina