IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brandon Bartlett, | ) | Civil Action No. 2:17-cv-03031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Warden Joseph McFadden, *individually* | ) | |
| *and/or in his official capacity as warden of* | ) | |
| *Lieber Correctional Institution*; Correctional | ) | |
| Officer Dennis, *individually and/or in his* | ) | |
| *official capacity as an employee of Lieber* | ) | |
| *Correctional Institution*; Correctional | ) | |
| Officer Kelly, *individually and/or in his* | ) | |
| *official capacity as an employee of Lieber* | ) | |
| *Correctional Institution*; Correctional | ) | |
| Officer McKie, *individually and/or in his* | ) | |
| *official capacity as an employee of Lieber* | ) | |
| *Correctional Institution*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 135) recommending the Court grant in part and deny in part Defendants' South Carolina Department of Corrections, Warden Joseph McFadden, and Correctional Officers Dennis, Kelly, and McKie Motion for Sumary Judgment (Dkt. No. 119). For the reasons set forth below, the Court adopts the R & R as the order of the Court and denies summary judgment as to Plaintiff's § 1983 Eighth Amendment claims brought against Defendant McFadden in his individual capacity, his state law claims for negligence and gross negligence against SCDC and McFadden, and his state law claim for injunctive relief against SCDC. The remainder of Plaintiff's claims are dismissed with prejudice, and Defendants Dennis, Kelly, and McKie are dismissed as party Defendants.

1

## I. Background

This civil action arises from alleged inmate-on-inmate attacks that occurred at Lieber Correctional Institution ("Lieber"), wherein Plaintiff Brandon Bartlett was attacked in his room and in the flood zone of his room by other inmates. On April 17, 2017, Plaintiff remained in his room after a correctional officer "unlocked everyone's door so they could go to breakfast." The officer "failed to relock all doors after inmates had left for breakfast in violation of Defendant SCDC's policies and procedures." Subsequently "a number of inmates came into [Bartlette's] room and hit him in the nose and stabbed him in his left arm." Plaintiff left his room and went down into a "flood zone where he was attacked again and was stabbed six (6) more times." Plaintiff was taken to a hospital by EMS. (Dkt. No. 1-1 at 9). Plaintiff claims he did not receive proper medical follow-up. (*Id.* at 10).

Plaintiff alleges Lieber has a "long history of violence among inmates housed in the institution and many times the violence is encouraged and/or condoned by the Defendants as the perpetrators are not punished . . . ." (*Id.* at 8). Plaintiff alleges Defendants failed to keep weapons out of the hands of inmates, that Lieber is "severely understaffed due to the failure to hire sufficient officers and due to a large number of turnovers," and that Lieber allows "inmates from one wing onto another wing," thereby "permit[ting] inmates who are suppose[d] to be kept apart to be together, thereby facilitating fights and stabbings." (*Id.* at 8-9). According to Plaintiff, this violates SCDC's policies and procedures. (*Id.*).

Specific to Plaintiff, the Complaint alleges four causes of action: (1) injunctive relief pursuant to S.C. Code Ann. § 15-43-30 and 42 U.S.C. § 1983; (2) deliberate indifference against Defendant McFadden "and any named Defendant correctional officers" pursuant to § 1983; (3) failure to implement appropriate policies, customs, and practices against Defendant McFadden pursuant to § 1983; and (4) violation of the South Carolina Tort Claims Act ("SCTCA") against

2

SCDC, Defendant McFadden, "and any named Defendant correctional officers." (*Id.* at 15–21). Under the cause of action for deliberate indifference pursuant to § 1983, the Complaint alleges violations of the "Fifth, Seventh, Eighth, and Fourteenth Amendments." (*Id.* at 6, 17). Plaintiff seeks injunctive and declaratory relief as well as actual, consequential, special, and punitive damages. (*Id.* at 21-22).

On October 7, 2019, Defendants filed a Motion for Summary Judgment. (Dkt. No. 119). Plaintiff filed a response in opposition on October 21, 2019. (Dkt. No. 123). In his opposition, Plaintiff agreed to withdraw "all 42 U.S.C. § 1983 claims against Defendants Correctional Officer Dennis, Correctional Officer Kelly, and Correctional Officer McKie" but not his § 1983 claims against Defendant SCDC for injunctive relief or Defendant Warden McFadden. (Dkt. No. 123 at 10). Defendants filed a reply brief on October 28, 2019. (Dkt. No. 126). Defendants' motion has been fully briefed and is ripe for disposition.

## II. <u>Legal Standard</u>

### a. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically object. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for

3

adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Neither party filed objections in this case, and the R & R is reviewed for clear error.

### b. Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. <u>Discussion</u>

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendant's motion for summary judgement should be denied in part and granted in part. Namely, the Magistrate Judge stated accurately and in detail the law of the Fourth Circuit as to supervisor liability in § 1983 actions and accurately described the evidence adduced against

Defendants by Plaintiff. The Magistrate Judge rightfully concluded that issues of material fact exist as to whether Defendant McFadden was deliberately indifferent to potential violations of Plaintiff's Eighth Amendment rights. The Magistrate Judge also correctly concluded Plaintiff's other federal claims must be dismissed as a matter of law, but that Plaintiff's remaining state law claims survive Defendants' motion.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 135) is **ADOPTED** as the order of the Court. Defendants' Motion for Summary Judgment (Dkt. No 119) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** to the extent that Plaintiff's § 1983 claims for violation of his Fifth, Seventh, and Fourteenth Amendment rights are **DISMISSED WITH PREJUDICE**. The motion is also **GRANTED** to the extent that Plaintiff's § 1983 claim against SCDC is **DISMISSED WITH PREJUDICE**. Defendants' Motion for Summary Judgement is **DENIED** as to Plaintiff's remaining § 1983 claims against Defendant McFadden and as to all of Plaintiff's state law claims against SCDC and Defendant McFadden.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 4, 2020
Charleston, South Carolina